UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Ciara Long<br>a/ka/ Ciara Bryant, individually and on behalf of all others similarly situated;<br><br>                                Plaintiff,<br><br><br>     -v.-<br>Dynamic Recovery Solutions, LLC,<br>LVNV Funding, LLC<br>and John Does 1-25<br><br>                                Defendant. | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ciara Long, identified on the exhibit A letter as Ciara Bryant, (hereinafter, "Plaintiff"), a Virginia resident, brings this Class Action Complaint by and through her attorneys, Meridian Law, LLC against Defendants Dynamic Recovery Solutions, LLC (hereinafter "Defendant Dynamic") and Defendant LVNV Funding, LLC (hereinafter "Defendant LVNV"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Virginia consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Virginia, County of Alexandria City, residing at 3600 S 14th St., Apt. 126, Alexandria, VA.

8. Defendant Dynamic is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 135 Interstate Blvd., Greenville SC 29615 and may be served with process upon National Registered Agents Inc., 4701 Cox Road, Suite 285, Glen Allen VA 23060.

9. Upon information and belief, Defendant Dynamic is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 780 Lynnhaven Parkway, Suite 220 Virginia Beach, VA 23452 and may be served with process upon DC Johnson, PLLC, its registered agent for service of process at 780 Lynnhaven Parkway, Suite 220 Virginia Beach, VA 23452

11. Upon information and belief, Defendant LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## **CLASS ALLEGATIONS**

13. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

    a. all individuals with addresses in the State of Virginia;

    b. to whom Defendant Dynamic sent a collection letter attempting to collect a consumer debt;

    c. on behalf of Defendant LVNV Funding LLC;

    d. falsely stating that a partial payment "may" restart the statute of limitations;

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is \whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to February 2, 2018 an obligation was allegedly incurred to General Electric Capital Corporation.

24. The General Electric Capital Corporation obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

25. The alleged General Electric Capital Corporation obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. Defendant LVNV purportedly purchased the alleged debt.

27. Defendant LVNV, a subsequent owner of the General Electric Capital Corporation debt, contracted with the Defendant Dynamic to collect the alleged debt.

28. Defendant LVNV and Defendant Dynamic collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – February 2, 2018 Collection Letter*

29. On or about February 2, 2018, Defendant Dynamic sent Plaintiff an initial collection letter (the "Letter") regarding the alleged debt owed to Defendant LVNV. **See Exhibit A**.

30. The letter states in part: "The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding, LLC will not sue you for it and LVNV Funding LLC

will not report it to any credit reporting agency. **If you make a partial payment on this account it may restart the statute of limitations on this account**."

31. The letter makes a false and misleading statement by stating that a partial payment may restart the statute of limitations.

32. The statute of limitations can only be revived by a written, signed agreement executed by the Plaintiff.

33. The letter misleads the consumer regarding the law by incorrectly stating that a partial payment "may" revive the statute of limitations when, in fact, only a written signed agreement will restart the statute of limitations.

34. This letter does not contain any mention of a written promise, and in fact offers for the client to pay by phone and internet which would explicitly not cause the statute of limitations to restart.

35. Upon information and belief there is no payment method that would be considered a written agreement and therefore the statute of limitations would never restart.

36. Defendants made deceptive and misleading representations when they wrongly informed the Plaintiff that a partial payment alone may re-start the statute of limitations.

37. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e** *et seq.*

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

39. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

40. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41. Defendants violated said section

   a. by creating a false and misleading representation of the status of the debt/and the effect of partial payment of the debt in violation of §1692e(10); and

   b. by falsely representing the character, amount or legal status of the debt in violation of §1692e(2)(A);

42. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f** *et seq.*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

45. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

46. Defendants violated this section by omitting material information that gave Plaintiff a false understanding of the proper legal status of the debt and the ramifications of specific actions.

47. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

48. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ciara Long, individually and on behalf of all others similarly situated, demands judgment from Defendant Dynamic Recovery Solutions, LLC and Defendant LVNV Funding, LLC, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Aryeh E. Stein, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: January 31, 2019                                  Respectfully Submitted,

**Meridian Law, LLC**
/s/ Aryeh E. Stein
**Meridian Law, LLC**
By: Aryeh E. Stein, Esq.
600 Reisterstown Road
Suite 700
Baltimore, MD 21208
Phone: 443-326-6011
Fax: 410-653-9061


**STEIN SAKS, PLLC**

*/s/ Raphael Deutsch*
Raphael Deutsch, Esq.
285 Passaic Street
Hackensack, NJ 07601
Telephone: 201-282-6500
Fax: 201-282-6501
rdeutsch@steinsakslegal.com
*Lead Attorneys for Plaintiff*
*Pro Hac Vice Pending*

# EXHIBIT A



# DYNAMIC RECOVERY SOLUTIONS

February 2, 2018

Original Creditor: General Electric Capital Corporation
Original Account Number: ████████████
Current Creditor: LVNV Funding LLC
DRS Account No.: ████████
Current Balance: $764.58

Dear Clara Bryant,
We have been asked to contact you by our client, LVNV Funding LLC, regarding your past due account with them. The account has been placed with our office for collection.

 You may resolve your account for $267.60 if payment is received before March 19, 2018. We are not obligated to renew this offer. Upon receipt and clearance of your payment, this account will be considered satisfied and closed, and a satisfaction letter will be issued or;

 You may resolve your account for $305.83 in 2 payments starting on March 19, 2018. To comply with this offer, payments should be no more than 30 days apart. We are not obligated to renew this offer. Upon receipt and clearance of these two payments of $152.92, this account will be considered satisfied and closed, and a satisfaction letter will be issued or;

 You may resolve your account for $344.06 in 4 payments starting on March 19, 2018. To comply with this offer, payments should be no more than 30 days apart. We are not obligated to renew this offer. Upon receipt and clearance of these four payments of $86.02, this account will be considered satisfied and closed, and a satisfaction letter will be issued or;

④ If you are unable to accept the above offer(s), please contact our office. We take pride in working with all consumers, regardless of your current financial position.

**Customer Service: 877-821-1659**

**http://drs.cssimpact.com/negotiator/**

**PO BOX 25759, GREENVILLE, SC 29616-0759**

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within 30 days after receipt of this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.



The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it and LVNV Funding LLC will not report it to any credit reporting agency.

If you make a partial payment on this account it may restart the statute of limitations on this account.

PLEASE SEE THE REVERSE SIDE FOR IMPORTANT INFORMATION.
Please Detach And Return In The Enclosed Envelope With Your Payment

PO BOX 25759
GREENVILLE, SC 29616-0759

Payment Options: Online — visit us at https://drs.cssimpact.com/negotiator • Money Gram • Western Union
PayPal — send payment to payments.dynamicrs@gmail.com • Check or Money Order — payable to Dynamic Recovery Solutions

| | VISA | | Check | Money Order |

CARD NUMBER | EXP DATE
SIGNATURE | SECURITY CODE
DATE | CIRCLE PAYMENT OPTION 1 2 3 4 | AMOUNT

DYNAMIC RECOVERY SOLUTIONS
PO BOX 25759
GREENVILLE, SC 29616-0759

Clara Bryant

